# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6773 | **DATE** | 5/25/2004 |
| **CASE TITLE** | West Bend Mutual Insurance vs. Crichton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting plaintiff's motion for judgment on the pleadings and denying defendant, counter-claimant's motion for summary judgment. Accordingly, the court has determined that West Bend has no obligation to defend Mr. Crichton in the Whitmore action and to pay for any damages for which he may be liable as a result of that action. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 6 2004 date docketed | 23 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/25/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

WEST BEND MUTUAL INSURANCE )
COMPANY, )
                                          )
        Plaintiff, )
                                          ) No. 03 C 6773
v. )
                                          )
THOMAS CRICHTON, )
                                          )
        Defendant. )

DOCKETED MAY 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff West Bend Mutual Insurance Co. ("West Bend") seeks declaratory judgment against defendant Thomas Crichton. Mr. Crichton is a defendant in a civil lawsuit pending in the Northern District of Illinois, *Roger Whitmore's Auto. Serv. and Roger Whitmore v. Lake County, et al.*, No. 99 C 2504. Mr. Crichton is also the insured under several policies issued by West Bend and claims that those policies obligate West Bend to provide his defense in the *Whitmore* action and to pay for any damages for which he may be liable as a result of that action. West Bend denies its liability for Mr. Crichton's defense and potential damages. West Bend moves for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Mr. Crichton moves for summary judgment. West Bend's motion for judgment on the pleadings is GRANTED and Mr. Crichton's motion for summary judgment is DENIED.

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Under that standard, I must consider the facts in the light most favorable to the non-moving party, and only grant the motion if it is beyond doubt that he cannot plead facts sufficient to support his claim for relief. *Id.* I may only consider the pleadings and documents incorporated by reference into the pleadings. *Id.* at 1581-82. All allegations to which the parties had opportunity to respond but do not contest are taken as true. *Id.* at 1581.

Mr. Crichton argues that West Bend has an obligation to defend him under one or more of the following policies issued to Mr. Crichton: (1) HHD 5315060, Home and Personal Activities, in effect from December 1997 until December 1998 ("Policy 1"); (2) HHD 5315060, Personal Excess Liability, in effect from December 1997 until December 1998 ("Policy 2"); (3) HHD 5315060-01, Homeowners Special Coverage, in effect from December 1998 until December 1999 ("Policy 3"); or (4) HHD 5315060, Personal Liability Umbrella Coverage, in effect from December 1998 until December 1999 ("Policy 4").

When determining the extent of coverage under an insurance policy, I must compare the allegations of the underlying complaint with the relevant insurance policies. *Atlantic Mut. Ins. Co. v.*

2

*Amer. Academy of Orthopaedic Surgeons*, 734 N.E.2d 50, 56 (Ill. App. Ct. 2000). I must resolve doubts about coverage in favor of the insured. *Gibraltar Cas. Co. v. Sargent & Lundy*, 574 N.E.2d 664, 673 (Ill. App. Ct. 1991). "An insurer can justifiably refuse to defend only when the allegations clearly show on their face that the claim is beyond coverage because the duty to defend is broader than the duty to pay." *Id.* Finally, if the insurer relies on an exclusion provision, it must be "clear and free from doubt" that the insurer has no duty to defend. *Atlantic Mut. Ins.*, 734 N.E.2d at 56.

West Bend argues that it has no obligation to defend Mr. Crichton or to pay any damages he may incur because of the nature of the claims against him. Mr. Crichton is charged with violation of 18 U.S.C. § 1962(c) and with conspiring to violate 18 U.S.C. §§ 1962(a, b, c).[1] West Bend argues that racketeering and conspiracy are intentional acts, which are not covered by Mr. Crichton's policies. Policy 1 states that it provides coverage for expenses related to a "covered accident or incident," which is defined as something that causes damage "without an insured person expecting or intending any damage or injury." Policy 2 has a general exclusion stating that "acts committed by or at the insured's direction with intent to cause [damage]" are not covered. Policy

---

[1] 18 U.S.C. §1962 is better known as Racketeer Influenced and Corrupt Organizations, or RICO.

3

3 has an exclusion denying coverage to "any act committed: (1) by or at the direction of an 'insured'; and (2) with the intent to cause a loss." Finally, Policy 4 has a similar exclusion, denying coverage where the damage is "caused by or at the direction of any 'insured' even if the actual 'injury' is different from that which was expected or intended from the standpoint of any 'insured.'" Mr. Crichton argues that these definitions and exclusions do not apply, as he did not intend or expect to cause the injuries of which the *Whitmore* plaintiffs complain.

The *Whitmore* complaint alleges that Mr. Crichton engaged in racketeering and conspiracy, aimed at towing companies such as the plaintiff. The goal of these endeavors was to raise funds for the re-election campaign of Gary Del Re, the Sheriff of Lake County, Illinois. Those towing companies that contributed large amounts to the campaign would be rewarded with additional territory in which they could operate; those that did not would have territory taken from them. Mr. Crichton was the coordinator of Mr. Del Re's fund-raising efforts. The complaint further alleges that the plaintiff in *Whitmore* was one of the targets of this campaign, and in fact lists the plaintiff as having made a small contribution. There is no such thing as accidental participation in a conspiracy. *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1995). The damages alleged in the *Whitmore* complaint include loss of towing business, lost profits, and the campaign contribution itself. Such damages

are the natural and logical consequences of racketeering or conspiring to extort campaign contributions, with a corresponding gain or loss of towing territory depending on the size of the contribution.

Mr. Crichton's reliance on *Country Mutual Ins. Co. v. Hagan*, 698 N.E.2d 271 (Ill. App. Ct. 1998) for the proposition that the *Whitman* plaintiffs' losses are accidental under Illinois law is misplaced. The issue in *Country Mutual* focuses on whether a minor can be presumed to have intended injury when sexually abusing another minor. *Id.* at 277. The court does emphasize that it is the *injury* that must be expected or intended by the insured, not the act that causes the injury. *Id.* at 279. Here, loss of extorted funds and loss of business privilege when those funds are not sufficient are exactly the types of injury which can be expected from the racketeering and conspiratorial activities Mr. Crichton is alleged to have engaged in. The court in *Country Mutual* focused on the minor accused's lack of foresight, experience, and knowledge of sexual conduct, factors that simply do not apply here. West Bend has no obligation to defend Mr. Crichton.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: May 25, 2004

5